RECEIVED
IN LAKE CHARLES, LA
APR - 8 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| CLIFFORD GILL<br>LA. DOC #97586 | CIVIL ACTION NO. 08-0910<br>SECTION P |
| VS. | JUDGE MINALDI |
| WARDEN TERRY TERRELL | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff/petitioner Clifford Gill, proceeding *in forma pauperis*, filed what purports to be a civil rights complaint pursuant to 42 U.S.C. § 1983 on June 23, 2008. Gill is an inmate in the custody of Louisiana's Department of Corrections (LDOC). He is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana. He contests the forfeiture of 180 days of "good time" credit at 13 prison disciplinary hearings conducted between June 10, 2001 and November 5, 2006. He claims that the reports of the ACC Disciplinary Board did not contain an LDOC official's initials or signature evaluating or validating the decision to impose good time forfeiture and thus did not affirmatively establish that the forfeiture complied with Louisiana Law. *See* Louisiana Revised Statutes 39:1800.5 and 15:1177(A)(9)(a).

Prior to filing the instant suit, Gill filed an administrative appeal raising this issue, but it was rejected as untimely by the ACC Warden on May 7, 2008. Doc. 1, at 10. Plaintiff provided a copy of what purports to be his request for administrative remedy raising this issue; however, the document is dated June 18, 2008. Doc. 1, at 5-9. Gill filed the instant complaint seeking the restoration of his good time credits on June 23, 2008.

This matter has been referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that Gill's civil rights complaint be construed as a petition for writ of *habeas corpus* and **DISMISSED WITH PREJUDICE** as procedurally defaulted, for failing to state a claim for which relief may be granted, and as time-barred by the provisions of 28 U.S.C. § 2244(d).

*Law and Analysis*

*1. Habeas Corpus*

Although Gill filed this action pursuant to 42 U.S.C. § 1983, Gill challenges the revocation of good time credits. He seeks restoration of those credits and inevitably a speedier release from custody. "The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a *habeas corpus* matter, whereas challenges to conditions of confinement may proceed under Section 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor." *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). Since this action contests the fact of his incarceration and seeks release from custody, his complaint must be construed as an application for writ of *habeas corpus*.

*2. Exhaustion of State Court Remedies/Procedural Default*

Since Gill is "in custody pursuant to the judgment of a State court" his *habeas* petition is authorized by the provisions of 28 U.S.C. § 2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

2

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir. 2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005).

In Louisiana, the highest court is the Louisiana Supreme Court. Therefore, in order to satisfy the requirement of exhaustion, a *habeas corpus* petitioner who attacks the legality of his confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court. Nothing submitted by plaintiff would establish that he fairly presented these claims to a conclusion in a procedurally correct manner.[1] Gill apparently did not even complete the administrative review process before proceeding in court. It therefore appears that he failed to exhaust available state court remedies prior to filing the instant suit.

### 3. In Custody in Violation of the Constitution

Gill is entitled to federal habeas corpus relief only if he can demonstrate that he is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. §2254, §2241. Thus, when reviewing a petition for habeas corpus, a federal court will only review allegations of the deprivation of a federal constitutional right. *Deters v. Collins*, 985 F.2d 789, 791 n.1 (5th Cir. 1993)

---

[1] Under Louisiana law, Gill was obliged to seek judicial review of the disciplinary board's improper or unlawful revocation of his good time credits in the appropriate district court pursuant to the provisions of La. R.S. 15:1177. If he were dissatisfied with the district court's decision, he was entitled to invoke the supervisory jurisdiction of the appropriate Court of Appeal and thereafter the Louisiana Supreme Court by seeking discretionary review in those courts.

(citing 28 U.S.C. § 2254(a)). In other words, "[a] federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). A federal habeas applicant must plead and ultimately demonstrate a violation of federal law in order to be eligible for *habeas* relief. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).

Here, Gill does not allege that he was deprived of due process or any right guaranteed by the United States Constitution. Instead, he suggests that the ACC disciplinary board failed to comply with Louisiana law.[2] As such, he fails to state a claim for which relief may be granted.[3]

### 4. *Limitations*

As previously noted, Gill is in custody pursuant to the judgment of a Louisiana court and his petition is therefore governed by the provisions of 28 U.S.C. § 2254. Since this petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 1999). Title 28 U.S.C. § 2244(d)(1) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. In the context of a prison disciplinary hearing, the one year limitations period commences on the date of the ruling at the disciplinary hearing when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" as provided by 28 U.S.C. §2244(d)(1)(D).

---

[2] In passing, it is also noted that Gill has provided no factual support for his claim that the revocation of good time credits was not ultimately approved by Louisiana's Department of Corrections.

[3] Since Gill cannot establish that he is in custody in violation of the Constitution or laws of the United States, he cannot show the requisite cause and prejudice necessary to overcome the procedural bar noted above.

4

*Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002).

Gill challenges the imposition of sanctions imposed between June 2001 and November 2006; plaintiff had one year from the latest date, or until on November 2007, to file this federal *habeas corpus* petition. While the pendency of prison grievance procedures would have tolled the one-year period, *Kimbrell*, 311 F.3d at 364, Gill's grievance was not filed until 2008 and by that time the one-year limitations period had already expired. Thus, Gill cannot rely on statutory tolling and his federal petition is untimely.

## 5. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed.2d 669 (2005)). To the extent that Gill implies that he was unaware of the applicability of federal limitations periods, or, that he misunderstood his rights to seek further review of his disciplinary hearing conviction, he is not thereby entitled to equitable tolling since "neither 'excusable neglect'

nor ignorance of the law is sufficient to justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)

Nothing of record supports equitable tolling of the statute of limitations in the instant case. Gill was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his federal *habeas* claim. The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(D). Equitable tolling does not apply.

### 6. *Conclusion and Recommendation*

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because Gill's claims are procedurally barred, barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and, because he fails to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lake Charles, Louisiana _____ April 2, _____, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE